# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 3, 1907.

SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, A BODY CORPORATE, TRUSTEE UNDER THE WILL OF MARY POLK, DECEASED.

## VS.

DANIEL CALTRIDER AND DANIEL C. FREEMAN, ADULTS, AND MARY MATILDA FREEMAN AND HATTIE MAE FREEMAN, INFANTS.

*Applegarth, Herman* and *Reifsnider* for petitioners.

*B. F. Crouse, Thos. Foley Hisky* and *Joseph D. Brooks* for exceptants.

ELLIOTT, J.—

The issue arising in this cause, and to be now decided is one between a firm of solicitors on the one hand, and on the other, the trustee and its cestuis que trust, who are the beneficiaries under the will of a testatrix whose capacity to make a will was involved in the suit wherein the said solicitors rendered services.

And the questions to be answered are, first: Have the petitioning Solicitors the right, under the circumstances of this case, to receive compensation out of the trust funds under the jurisdiction of the court? and second: If they are so entitled, what allowance should the court make to them?

Addressing myself to the first question, I can see no reason for the refusal to grant Messrs. Applegarth, Herman and Reifsnider, compensation out of the funds in the hands of the Safe Deposit and Trust Company, trustee, for the legal services rendered by said firm in the interest of the trust, and therefore, on behalf of the beneficiaries under it, both life tenant and remaindermen. And to support such conclusion, only a few facts need be stated.

In the first place, the petitioning solicitors are those, who, representing the trustee, filed the bill of complaint which invoked the jurisdiction which this court assumed, and is now exercising over the execution of the trust, to which bill the adult defendants filed an answer consenting to the jurisdiction.

In the next place, no one denied that the trustee, exercising what must be admitted to have been a proper and reasonable discretion on behalf of its cestuis que trusts, in an effort to insure the preservation of the trust fund. employed Messrs. Applegarth, Herman and Reifsnider to represent it and them, to defeat the attack made upon the will which had created the trust, and whatever may be thought or said now as to the necessity or importance of such services, the court is only concerned with the fact that there was such employment and that services were rendered under it. These facts entitled the petitioners to compensation and obligated the trustee to pay it, and it would not be fair or equitable for this court to refuse its authority for the allowance of a reasonable fee to be paid in pursuance of the employment and as a compensation for the services.

But the more difficult proposition involved in this matter is that as to the amount of the fee which is to be allowed, and the difficulty is by no means lessened by the fact that the fund out of which the fee must come belongs to individuals, some adults and some infants, none of whom ever personally agreed to the employment of the particular solicitors retained by the trustee.

I do not think that such an agreement was legally necessary, but the lack of it must have influence upon the Chancellor when he comes to decide how much of the cestuis que trust's estate must be taken to pay the fee. Evidently an agreement made by others who were sui juris, and were to receive their share, under the will immediately, and at once realize the benefit of the services retained by them, can not be allowed to have a controlling influence upon the court in making its decision.

499

Then, on the other hand, the fact that practically all the services rendered by the petitioners, in supporting the will creating the trust, would have been rendered even though they had not been retained by the trustee, coupled with the additional fact that those services have been already quite liberally compensated by the beneficiaries who directly employed the petitioners, somewhat qualifies the exigency of the present appeal, and requires this court to decide not only how much the petitioners should receive, but also as well how much the cestuis que trust should be compelled to pay.

Controlled by the considerations mentioned, the court cannot see its way clear to compel any allowance based on, or dictated by, an agreement to pay a special, not to say unusual rate, but will allow a compensation, to be paid the trustee to its solicitors, of $1,500.

The exceptions to the allowance made in the auditor's account will, therefore, be sustained, and the trustee will be directed to pay $1,500 instead of $3,250.